UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

DAVID L. BRUCKMANN, )
)
    Plaintiff, ) Civil No. 2:18-139-WOB
)
v. )
)
D. GRISWALD, ET AL., ) **MEMORANDUM OPINION**
) **AND ORDER**
    Defendants. )
)

\*\*\* \*\*\* \*\*\* \*\*\*

David L. Bruckmann is an inmate at the Kenton County Detention Center in Covington, Kentucky. Proceeding without a lawyer, Bruckmann filed a civil rights complaint with this Court in which he named the Covington Police Department and six police officers as defendants and alleged that the officers unlawfully entered his home without a warrant and used excessive force while arresting him. [R. 1]. The Court conducted an initial screening of Bruckmann's complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and dismissed the Covington Police Department as a defendant. [R. 7]. That said, the Court ordered the six police officers to answer or otherwise respond to Bruckmann's complaint. [*Id.*].

The six officers then filed a motion to dismiss Bruckmann's claims. [R. 16]. The officers, however, only put forth one argument in their motion—that Bruckmann failed to state a claim upon which relief may be granted because he failed to specifically identify which officers engaged in which conduct. Indeed, the officers merely argue that Bruckmann "falls short of his pleading threshold because he fails to allege which individual Defendant violated his rights and in which way." [R. 16-1 at 3]. Bruckmann has filed a respond in opposition to the officers' dispositive motion. [R. 21].

At this early stage in the litigation, the Court will deny the officers' motion to dismiss. To be sure, Bruckmann has not yet specifically identified which officers engaged in which conduct. However, in a case involving so-called "John Doe" defendants, the United States Court of Appeals for the Sixth Circuit indicated that a plaintiff may proceed "until discovery or other information reveals the identity of the party." *Brown v. Owens Corning Inv. Review Comm.*, 622 F.3d 564, 572 (6th Cir. 2010); *see also Berndt v. Tenn.*, 796 F.2d 879, 882-84 (allowing a plaintiff to proceed when the identity of the alleged defendants was not known at the time the complaint was filed but could be determined through discovery). Along these lines, other district courts have permitted pro se plaintiffs in similar circumstances to proceed with discovery, thus providing them the opportunity to identify the defendants responsible for the conduct alleged in the complaint. *See, e.g., Bonds v. Univ. of Cincinnati Med. Ctr.*, No. 1:15-cv-641, 2017 WL 1025996, at *2 (S.D. Ohio Mar. 15, 2017); *Gant v. Metro. Police Dep't*, No. 3:10-cv-557, 2010 WL 3341882, at *4 (M.D. Tenn. Aug. 24, 2010). In fact, here, the principal case that the officers rely on is *Totman v. Louisville Jefferson Co. Metro Govt.*, 391 F. App'x 454 (6th Cir. 2010), and, in that case, the trial court granted summary judgment in favor of an officer only *after* the parties conducted discovery. *See id.* at 463-65 (discussing deposition testimony, sworn statements, and other evidence). Consistent with these decisions, this Court will deny the officers' motion to dismiss as premature and allow Bruckmann to proceed with discovery.

Accordingly, it is **ORDERED** as follows:

1. The defendants' motion to dismiss Bruckmann's claims [R. 16] is **DENIED**.

2. Pursuant to 28 U.S.C. § 636(b), this matter is **REFERRED** to a United States Magistrate Judge to conduct all further pretrial proceedings, including overseeing discovery and preparing proposed findings of fact and recommendations on any future dispositive motions.

3. The Clerk of the Court shall **ASSIGN** this matter to a Magistrate Judge.

This 29th day of November, 2018.



Signed By:
*William O. Bertelsman* W.OB
United States District Judge