UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | |
|---|---|
| DAVID L. BRUCKMANN, | |
| Plaintiff, | No. 2:18-CV-139-WOB-HAI |
| v. | RECOMMENDED DISPOSITION |
| OFFICER D. GRISWALD, *et al.*, | |
| Defendants. | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On referral from District Judge Bertlesman (D.E. 22), the undersigned issues this recommendation that Defendants' requests for admissions be admitted and that default judgment be issued against *pro se* Plaintiff David Bruckmann. Based on Plaintiff's alleged failure to properly respond to their requests for admissions, interrogatories, and request for production of documents, Defendants filed a motion on September 12, 2019, seeking sanctions against Plaintiff. D.E. 42. Plaintiff has not responded.[1]

## I. Background

This is Defendants' third motion that their requests for admissions be deemed admitted. As background, Defendants state that on December 19, 2018, they sent a set of discovery requests that included Request for Admissions under Federal Rule of Civil Procedure 36. D.E.

---

[1] "Unless otherwise ordered by the Court, a party opposing a motion must file a response within 21 days of service of the motion. Failure to timely respond to a motion may be grounds for granting the motion." Joint Local Civil Rule 7.1(c).

42 at 3 (citing D.E. 27, Notice of Service).[2]  Defendant's requests for admissions are filed at Docket Entry 29-4, pages 11 to 14.

On January 22, 2019, the Court received a document from Plaintiff entitled "Response to Set of Interrogatories and Admissions."  D.E. 28.  Plaintiff said, "They (Defendants) are asking me to answer questions or admit things that are not even close to being true."  *Id*. at 2.  Plaintiff said he was planning on getting a lawyer and "would not admit or discuss my case with anyone except my lawyer."  *Id*.  Defendants argue that this document did not respond substantively to any of their interrogatories, document requests, or request for admissions.  D.E. 42 at 3.

On April 18, 2019, Defendants filed a motion that included a request to deem their requests for admissions admitted.  D.E. 29.  After the motion was briefed, the Court extended the discovery and dispositive motion deadlines and ordered Plaintiff to "**FULLY RESPOND TO DEFENDANTS' REQUESTS FOR ADMISSION IN ACCORDANCE WITH RULE 36 ON OR BEFORE JUNE 3, 2019**."  D.E. 34.

After that deadline passed, Defendants moved again (on June 26) for the requests for admissions to be deemed admitted, along with sanctions in the form of a default judgment.  D.E. 35.  Plaintiff responded, claiming that he was in jail and could not access his papers and that he was doing the best he could with the resources available to him.  D.E. 37.  He further stated that he expected to be released and planned to get an attorney.  *Id*.  Plaintiff requested a "2-4-week extension" to get out of custody, obtain a lawyer, and provide full discovery responses to Defendants.  *Id*.  Plaintiff also filed a response to Defendants' requests for admissions.  D.E. 37-1.  But the responses are not signed, as required by Rule 36(a)(3).

In its August 15 order, the Court noted that Plaintiff had been released from jail.  D.E. 41.  Based on Plaintiff's representations, the Court denied Defendants' second motion to deem the

---

[2] The Court will refer to the page numbers generated by the ECF system.

requests for admissions admitted. *Id*. The Court also ordered: "**PLAINTIFF IS ORDERED TO FULLY RESPOND TO DEFENDANTS' REQUEST FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS IN ACCORDANCE WITH RULES 33, 34 AND 36 ON OR BEFORE AUGUST 30, 2019.**" *Id*.

According to Defendants, "The August 30, 2019, deadline has come and gone, and Plaintiff still has not answered any of Defendants' discovery requests, including their Requests for Admissions, Interrogatories or Request for Production of Documents. Meanwhile, the discovery deadline – which the Court has twice extended – is set for October 16, 2019." D.E. 42 at 4-5.

Thus, Plaintiff has twice failed to adhere to a clear deadline from the Court regarding the disputed discovery. D.E. 34, 41. The Court previously took him at his word that he was hampered only by his imprisonment and that he would obtain a lawyer and comply quickly with discovery requests upon release. D.E. 41 at 2.

## II. Requests for Admissions

Despite being free since July 16, Plaintiff has not complied with the Court's (second) order that he fully respond to Defendants' requests for admissions, interrogatories, and requests for production of documents.

Federal Rule of Civil Procedure 36 governs requests for admission.

> Rule 36 permits one party to request admissions as to a broad range of matters by another party, including ultimate facts and the application of law to fact. *United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009). By operation of law, "[a] matter *is admitted unless*, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3) (emphasis added). Further, "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b).

3

*Goodson v. Brennan*, 688 F. App'x 372, 375 (6th Cir. 2017).  At this point, Defendants have been waiting almost 300 days for Plaintiff's responses—far beyond the 30 days provided by Rule 36.  By never adequately responding to Defendants' requests for admissions or filing a motion for relief, Plaintiff has admitted and conclusively established as fact all statements within the requests for admissions.  *Id*.; *see also Scheffler v. Lee*, 752 F. App'x 239, 246 n.2 (6th Cir. 2018).  It is therefore appropriate that Defendants' motion (that their requests for admissions be deemed admitted) be granted.

### III.  Default Judgment

Defendants also seek default judgment and payment of expenses as a sanction under Rule 37(b)(2).  D.E. 42 at 6.  Entry of a default judgment is proper "if a party has the ability to comply with a discovery order and does not."  *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990).  This decision is guided by the "*Regional Refuse*" factors which are: whether the failure to cooperate in discovery is the result of willfulness, bad faith, or fault; the prejudice caused to the moving party; whether the disobedient party was warned that its failure to cooperate could result in entry of a default judgment; and the imposition of less drastic sanctions.  *Id*.; *see also Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).  "Although no one factor is dispositive, dismissal [or default judgment] is proper if the record demonstrates delay or contumacious conduct."  *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002).

These factors are met here.  First, Plaintiff's failure to cooperate appears to be the result of willfulness, bad faith, or fault.  The responses Plaintiff filed (D.E. 37-1) were unsigned, and thus failed to comply with Rule 36.  This lack of signature was pointed out by Defendants (D.E. 39) and the Court (D.E. 41).  Plaintiff told the Court in July that he was about to get out of jail

4

and regain access to his necessary papers, which would enable him to provide "full discovery for defendants." D.E. 37. There is no reason apparent in the record why Plaintiff could not have fully complied with discovery after his July 16 release from jail. *See* D.E. 41 at 2. Certainly he could have served signed responses to Defendants' requests for admissions at any time since he had personal knowledge of the events. Plaintiff was able to notify the Court of a change in address. D.E. 40. But he failed to respond to Defendants' pending motion. These circumstances suggest willful disregard of Plaintiff's discovery obligations.

Second, Plaintiff's delays in cooperating with discovery have prejudiced Defendants. They argue that "critical litigation deadlines have already expired, been extended, and are now on the verge of expiring again." D.E. 42 at 6. Due to Plaintiff's delay and contumacious conduct, three different scheduling orders have had to be entered in this case. D.E. 26, 34, 41. These atypical delays have doubtless compounded Defendants' expenses and time spent on this case. This factor also supports a finding that default judgment is an appropriate sanction.

Third, Plaintiff had adequate warning that his failure to cooperate in discovery could lead to a judgment against him. Back in April, Defendants moved the Court to find their requests for admissions to be admitted. D.E. 29 at 7. The nature of the requests should have alerted Plaintiff that admitting them could be the end of his case. *See* D.E. 29-4 at 11-14. That motion was denied, but Plaintiff was ordered to fully respond in accordance with Rule 36 by June 3. D.E. 34 at 2. On June 26, Defendants again moved that the requests be deemed admitted. D.E. 35. They simultaneously requested other sanctions, including default judgment for the discovery violations. *Id.* at 4-5. Plaintiff responded in July, and attached his responses to the requests for admissions, but those responses were not signed. D.E. 37. Defendants' motion was again denied, and the deadlines were again extended, and Plaintiff was ordered to fully respond in

accordance with Rules 33, 34, and 36 by August 30. D.E. 41. This procedural history was sufficient to put Plaintiff on notice that if his discovery responses remained insufficient, he could face a variety of sanctions, including default judgment. *See* D.E. 35 at 4-5.

Finally, the factor concerning the imposition of less drastic sanctions is met in this case. Plaintiff was ordered twice to fully respond and his deadline for doing so was twice extended. D.E. 34, 41. Although these deadline extension were not sanctions, they were extra grace that the Court extended upon Plaintiff's request.

Critically, the Court has already found that Defendants' requests for admissions should be deemed admitted under Rule 36(a)(3). If the admissions are accepted as true, they establish that Plaintiff broke into the home of his ex-girlfriend (in violation of a restraining order), where he assaulted her and two men, leading to her calling 9-11. When officers arrived, according to the admissions, Plaintiff refused to obey their commands and resisted arrest, which led to his being shot with a taser. D.E. 29-4 at 11-14. These facts, taken as true, would undermine Plaintiff's claim of unlawful entry because they show the homeowner invited police by calling 9-11. These facts would also undermine Plaintiff's claim of excessive force because they show he had already violated a restraining order, committed acts of violence in the residence, and was resisting arrest.

Simply put, it would be incredibly difficult for Plaintiff's claims to survive a motion for summary judgment now that Defendants' requests for admissions are deemed admitted. It is not clear what would be the usefulness of less drastic sanctions at this juncture. Less drastic measures, in the form of extensions of time, have been used in an attempt to goad Plaintiff into fully complying with his discovery obligations. But they were unsuccessful.

6

Because none of the *Regional Refuse* factors weigh against entry of default judgment, entry of default under Rule 37(b)(2)(A)(vi) is appropriate under these circumstances. Further weighing in favor of entry of default is the fact that Plaintiff failed to respond to this motion—a motion that on its face would terminate the case. As the local rules warn, "Failure to timely respond to a motion may be grounds for granting the motion." Joint Local Civil Rule 7.1(c).

### IV. Expenses and Fees

The final issue is Defendants' request for expenses and fees. D.E. 42 at 6. Rule 37(b)(2)(B) states,

> Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(B). Plaintiff is proceeding *in forma pauperis* and was imprisoned during most of this litigation. D.E. 6. Under these circumstances, where a pauper is suing state officials for alleged civil rights violations, an award of expenses would be unjust.

### V. Conclusion

For the foregoing reasons, the undersigned **RECOMMENDS:**

(1) That Defendant's third motion to deem their requests for admissions admitted (D.E. 42) be **GRANTED.**

(2) That Defendant's second motion for default judgment as a sanction for discovery violations (D.E. 42) be **GRANTED.**

(3) That Defendant's motion for payment of expenses and fees (D.E. 42) be **DENIED.**

The Court directs the parties to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b) for appeal rights and mechanics concerning this Recommended Disposition,

issued under subsection (B) of the statute. Within **fourteen days** after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

    This the 17th day of October, 2019.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge